UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| OCEAN STATE TRANSIT, LLC, d/b/a | ) | |
| Student Transportation of America, | ) | |
| Inc., *a Rhode Island limited liability* | ) | |
| *company*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:22-CV-00054-MSM-PAS |
| | ) | |
| RHODE ISLAND DEPARTMENT OF | ) | |
| ELEMENTARY AND SECONDARY | ) | |
| EDUCATION, *a Rhode Island state* | ) | |
| *agency*, ANGELICA INFANTE- | ) | |
| GREEN, *in her personal capacity*, | ) | |
| JOHN AND JANE DOES 1-5, | ) | |
| *unknown persons in their personal* | ) | |
| *capacities*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is plaintiff Ocean State Transit, LLC's ("Ocean State") Motion to Remand (ECF No. 10) its action against the Rhode Island Department of Elementary and Secondary Education ("RIDE") and Rhode Island Commissioner of Elementary and Secondary Education Angélica Infante-Green ("Comm. Infante-Green") (collectively, the "Defendants") to the Rhode Island Superior Court, Providence County.  For the reasons explained below, the Court GRANTS Ocean State's Motion to Remand.

1

## I.   BACKGROUND

Ocean State, a student transportation company, brings two claims in this action, which it filed in the Rhode Island Superior Court.  First, it makes a breach of contract claim against RIDE for failing to make payments after schools were closed during Rhode Island's 2020 COVID-19 pandemic lockdown.  Second, it brings a § 1983 claim against Commissioner Infante-Green arguing that the alleged failure to pay Ocean State constitutes a violation of federal COVID-19 relief statutes, which included as a condition of payment a requirement that the agency "shall to the greatest extent practicable, continue to pay its employees and contractors during the period of any disruptions or closures related to the coronavirus."  CARES Act § 18006.  Comm. Infante-Green removed this action under 28 U.S.C. § 1441(a), invoking the Court's federal question jurisdiction over Ocean State's § 1983 claim.  (ECF No. 1.)  Ocean State asks the Court to remand to the Rhode Island Superior Court.

## II.   DISCUSSION

Ocean State argues that Comm. Infante-Green cannot meet the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) because RIDE waived its ability to consent to federal jurisdiction by including the following mandatory forum selection clause in its contract with Ocean State:

> It is expressly agreed by the Parties that this Agreement shall be governed by the laws of the State of Rhode Island. Jurisdiction and venue for any and all legal actions, whether arising in law and/or equity, shall be brought in the Rhode Island Superior Court, in, with, and for the County of Providence, State of Rhode Island.

(ECF No. 1-2 at 27.)  Defendants respond with three arguments: (1) RIDE's consent

to removal was not required because of its immunity as a state agency under the Eleventh Amendment; (2) the claim falls outside of the contract's forum selection clause because it derives from federal law; and (3) remand would result in piecemeal litigation and so violates the public policy of Rhode Island and the federal courts.

### A. The Rule of Unanimity

When a civil action is removed solely under 28 U.S.C. § 1441(a), as was the case here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is referred to as the rule of unanimity. When one defendant is subject to a mandatory forum selection clause, that defendant waves their right not just to remove, but also to consent to removal. *Autoridad de Energía Eléctrica de Puerto Rico v. Vitol S.A.*, 859 F.3d 140, 145 (1st Cir. 2017) ("[T]he forum selection clauses applied to the dispute and bound [defendant], who could therefore not consent to a co-defendant's removal. The unanimity requirement thus could not be satisfied, and the case had to be remanded."). Ocean State argues that RIDE waived its ability to consent to federal jurisdiction by including the forum selection clause in the contract and that therefore Comm. Infante-Green cannot meet the rule of unanimity.

Defendants respond that there is no requirement to secure consent for removal when, as here, the other defendant is a state agency whose immunity under the Eleventh Amendment takes it outside the jurisdiction of the Court. This contention is based on language in § 1441(c) that "[o]nly defendants against whom [an original jurisdiction claim] has been asserted are required to join in or consent to the removal."

3

28 U.S.C. § 1441(c)(2).  But Defendants removed this action solely under § 1441(a), not § 1441(c).  (ECF No. 1 at 2.)  § 1441(a) covers all civil actions for which the federal courts have original jurisdiction.  By contrast, § 1441(c) covers actions that include both original jurisdiction claims and claims that are not within the original or supplemental jurisdiction of the courts.  As such, § 1441(a) and § 1441(c) provide distinct grounds for removal, and the Court cannot apply the consent requirements of one provision to the other.[1]

While Defendants pivot to a discussion of § 1441(c) in their Objection, they have not requested an amendment to add this provision to their notice of removal.[2] Even if they had, courts have generally interpreted 28 U.S.C. § 1653 as allowing defendants to amend a notice of removal after the 30-day deadline to cure technical

---

[1] Defendants also cite to several district court cases to support their claim that consent to removal is only required for parties that would have been able to independently remove.  (ECF No. 12 at 5.)  But the opinions cited were decided before the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA") took effect.  Among other changes, the FCJVCA amended § 1441 by adding the limited consent requirement of § 1441(c)(2), thereby distinguishing the consent required under § 1441(c) from that required for an action removed under § 1441(a).  As such, these cases have little to say about the present action.

[2] It is also not clear that Defendants could remove under § 1441(c).  Ocean State argues that although RIDE's consent to removal was latently defective because of the forum selection clause in its contract, the agency still waived its Eleventh Amendment immunity by filing its consent with this Court.  *See Lapides v. Bd. of Regents of U. Sys. of Georgia*, 535 U.S. 613, 624 (2002) (holding that a "[s]tate's action joining the removing of [a] case to federal court waive[s] its Eleventh Amendment immunity").  RIDE's immunity is what would have taken the claim against it outside of the original or supplemental jurisdiction of the Court, thereby allowing Defendants to remove under § 1441(c).  But further discussion of this question is unnecessary in the present case, as the Court finds that Defendants have not properly raised § 1441(c) as a new ground for removal.

defects only, not to add a new ground for removal. *See Haber v. Massey*, 904 F. Supp. 2d 136, 141 (D. Mass. 2012). Therefore, if RIDE waived its right to consent to removal – in other words, if the forum selection clause at issue in this case is enforceable – then the Court must remand the action.

### B. The Forum Selection Clause

To determine whether a forum selection clause is enforceable, courts consider (1) whether the clause is permissive or mandatory; (2) whether the scope of the clause encompasses the claims brought; and (3) whether the resisting party has made "a strong showing" that the clause should not be enforced. *See Autoridad*, 859 F.3d at 145. The first issue is uncontested, as both parties agree that the clause is mandatory. However, Defendants argue that Ocean State's claims fall outside the scope of the forum selection clause and that the Court should decline to enforce the forum selection clause in this case because it violates the public policy of Rhode Island and the federal courts. The Court is unpersuaded by either claim.

### 1. Ocean State's Claims Are Covered by the Forum Selection Clause

Defendants argue that Ocean State's action is based on federal law, not Rhode Island law – both in its § 1983 claim and its breach of contract claim, given the latter's basis in entitlements under federal COVID-19 relief statutes – and that there is no "clear language" in the forum selection clause requiring that a claim invoking federal law be brought in state court. (ECF No. 12 at 7-10.) The Court disagrees. The plain text of the forum selection clause says that "[j]urisdiction and venue for any and all legal actions, whether arising in law and/or equity, shall be brought in the Rhode

Island Superior Court." (ECF No. 1-2 at 27.)  This language does not limit the forum selection clause's coverage to actions arising in state law.

Relatedly, Defendants argue that the clause does not encompass Ocean State's claims because they arise out of federal law rather than the contract.  Again, the Court disagrees.  Ocean State's first claim is a state law breach of contract claim that clearly arises out of RIDE's contract with Ocean State.  And, while Ocean State's second claim is statutory, the First Circuit has held that a forum selection clause can encompass statutory claims relating to a contract.  *See Autoridad*, 859 F.3d at 146 (holding that a forum selection clause covered statutory claims when "[the plaintiff] would have no claim against [the defendant] if it had not been for the contracts."); *see also Huffington v. T.C. Group, LLC*, 637 F.3d 18, 21 (1st Cir. 2011).  Here, even if Ocean State's § 1983 claim is based in federal law, Ocean State would not have a claim if it had not been for its contract with RIDE.  For these reasons, the Court finds that the forum selection clause encompasses the claims brought.

### 2. Enforcement of the Forum Selection Clause Is Not Unreasonable

Courts cannot enforce a forum selection clause, even one that is mandatory and encompasses the complaints alleged, if a challenging party makes a "strong showing" that: (1) the clause is the product of fraud or overreaching; (2) enforcement is unreasonable and unjust; (3) its enforcement would render the proceedings gravely difficult and inconvenient; or (4) enforcement contravenes a strong public policy of the forum in which suit is brought. *See Carter's of New Bedford, Inc. v. Nike, Inc.*, 790 F.3d 289, 292 (1st Cir. 2015).

Defendants first contend that forcing Comm. Infante-Green to defend a § 1983 claim in state court would be unreasonable and unjust because "[w]hen Congress created § 1983, it expressly charged the federal judiciary with responsibility for the vindication and protection of federal rights against unconstitutional action under color of state law." (ECF No. 12 at 12.) But there is no requirement that § 1983 cases play out in federal court. Indeed, these claims are routinely litigated in state courts, and to the degree that federal courts have expressed a "particularly weighty" obligation to exercise their jurisdiction over § 1983 claims when that jurisdiction exists, the focus has been on "preserving access to the federal relief which section 1983 assures" to *plaintiffs* who are asserting their right to that relief, not to defendants like Comm. Infante-Green. *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1980); *see also Signad Inc. v. City of Sugar Land*, 753 F.2d 1338 (5th Cir. 1985).

Defendants next argue that enforcement would violate Rhode Island's strong public policy in favor of the "first-to-file" rule and against piecemeal litigation because the factual allegations in this case so closely overlap with those in *United States ex rel. Ocean State Transit v. Infante-Green*, C.A. No. 1:21-CV-00391-MSM-PAS, a qui tam action brought by Ocean State against Comm. Infante-Green under the False Claims Act ("FCA"). It is true that the factual bases for these two actions are nearly identical. But the actual claims and parties in interest are different – in the latter, Ocean State is bringing the suit as a qui tam relator on behalf of the United States Government, which is the real party in interest. As such, the two suits cannot be consolidated into one action, meaning that, regardless of the outcome of this Motion

to Remand, Comm. Infante-Green will need to defend two separate cases, and our judicial system will need to expend resources adjudicating multiple disputes. While Defendants may enjoy an added measure of convenience in litigating both actions in this Court, and there may be some limited judicial economy achieved by not requiring another court to familiarize itself with the factual allegations in this case, these minor advantages do not constitute the "strong showing by the resisting party that the clause is unreasonable under the circumstances" required for a court to set aside a forum selection clause. *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 48 (1st Cir. 2014) (internal citation omitted).

## III.    CONCLUSION

For these reasons, the Court GRANTS Ocean State's Motion to Remand (ECF No. 10) this action to the Rhode Island Superior Court, Providence County.


IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

February 7, 2023